**KENTUCKY COMMISSION ON HUMAN RIGHTS, Movant,**

**V.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1102, Respondent,**

**and**

**Wadsworth Electric Manufacturing Company, Incorporated, Respondent.**

Supreme Court of Kentucky.

Feb. 6, 1979.

Galen A. Martin, Thomas A. Ebendorf, Kentucky Commission on Human Rights, Louisville, Thomas L. Hogan, Louisville, for movant.

Bernard C. Fox, Beckman, Lavercombe, Fox & Weil, Cincinnati, Ohio, Robert E. Ruberg, O'Hara, Ruberg, Cetrulo & Osborne, Covington, for respondent International Brotherhood of Electrical Workers, Local 1102.

Philip J. Kennedy, Jr., Kennedy & Moore, Cincinnati, Ohio, R. Barry Wehrman, Wehrman & Wehrman, Covington, for respondent Wadsworth Electric Manufacturing Co., Inc.

CLAYTON, Justice.

In February 1975, twelve female employees of the Wadsworth Electric Manufacturing Company filed complaints with the Kentucky Commission on Human Rights alleging sexual discrimination in violation of KRS Chapter 344 by their employer and the International Brotherhood of Electrical Workers, Local 1102. Attempted conciliation having failed, a hearing was held before the Commission. The Commission pursuant to its Findings of Fact, Conclusions of Law and Order, determined that Wadsworth Electric and the union, respondents here, had engaged in sexual discrimination in violation of KRS 344.040 and KRS 344.-060. Upon appeal to the Kenton Circuit Court, respondents were granted summary judgment on the grounds that the Commission's order was void for lack of a valid determination of probable cause under KRS 344.200. The Court of Appeals affirmed by a divided panel. This court granted discretionary review, and we must decide whether the Commission made a proper determination of probable cause, and, if not, whether summary judgment was proper.

At all times relevant to the matter under consideration, KRS 344.200(2) read:

The commission shall determine within thirty days after the complaint has been filed whether there is probable cause to believe the respondent has engaged in an unlawful practice.

If the Commission concludes that probable cause does not exist, the complaint is dismissed, subject to reconsideration upon application by the complainant. If probable cause is found, the Commission is required to attempt to eliminate the unlawful practice by conciliation. However, KRS 344.200

does not set out any formal guidelines governing the procedure to be followed in making a probable cause determination.

The sole document evidencing a finding of probable cause is a memo from the compliance director and field investigator to the executive director of the Commission, dated 3–6–75, bearing a checkmark after the words "Accepted and probable cause found." Both the trial court and the Court of Appeals were of the opinion that the memo, since it failed to contain "facts upon which the person empowered to find probable cause made this initial determination," was not a sufficient finding of probable cause under the statute. However, we need not pass upon whether the Commission made a probable cause determination as contemplated by KRS 344.200, for we agree with the dissent that such a determination is not a prerequisite to a hearing.

The dissent focused on KRS 344.210, which governs hearing procedure. Under that section, the Commission must give notice of a hearing on the complaint unless: a) the complaint has been dismissed; b) a conciliation agreement has been reached; or c) an application for reconsideration has been filed. The dissent stressed that there "is no provision that requires the complaint be dismissed *unless* probable cause is found to exist." Since the hearing provision does not mention probable cause as a prerequisite, we hold that lack of such a finding does not warrant summary dismissal. Accordingly, we reverse, noting that respondents, who had the benefit of a full-scale hearing and detailed findings of fact, were in no way prejudiced by the failure, if any, of the Commission to make a probable cause determination.

The decision of the Court of Appeals and the judgment of the trial court are reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.

All concur except AKER, J., who did not sit.